UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jose Narciso Banegas Diaz, Petitioner v. Todd Blanche, et al., Respondents | Case No. 2:26-cv-02804-CDS-EJY **Order Granting the Petitioner's Amended Petition, Denying the Federal Respondents' Motion to Extend, and Striking Certain Filings** [ECF Nos. 8, 11–13] |

Petitioner Jose Narciso Banegas Diaz filed an amended petition on October 15, 2026, asserting a single claim for relief, that is a violation of his Fifth Amendment right to due process due to a constitutionally deficient bond hearing. *See* Am. pet., ECF No. 8. The deadline for the respondents to respond to the amended petition was October 29, 2026. *See* Order, ECF No. 3 at 3, n.3 ("Should the petitioner file an amended petition, the respondents are ordered to file a response within fourteen days of being served with the amended petition."). That deadline has since passed without any response from the respondents. Banegas Diaz filed a notice of non-opposition. Notice, ECF No. 9. The federal respondents have filed a motion to extend time and an untimely response with exhibits. ECF Nos. 11–13.

I deny the federal respondents' motion and strike their response and exhibits. Accordingly, Banegas Diaz's amended petition is unopposed, so I grant his amended petition.

## I. Discussion

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be

granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

Further, the Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. Authority delegated to the Attorney General—such as those related to immigration proceedings—is still subject to due process's requirements. *See Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."). And the Supreme Court has repeatedly recognized "that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 425 (1979).

Banegas Diaz filed an amended petition for writ of habeas corpus alleging that, while he received a bond hearing before an immigration judge, which was denied, that bond hearing was constitutionally deficient. *See* ECF No. 8. Therein, counsel asserts that she attempted to obtain a copy of the recording of the hearing to determine whether the immigration judge applied the appropriate standard when denying bond, but to date, the federal respondents have failed to provide the audio recording despite my order requiring disclosure. *See* ECF No. 3 at 2. Counsel asks that I draw an adverse inference from the federal respondents' failure to comply with my disclosure order, find that Banegas Diaz's bond hearing was constitutionally deficient, and grant his amended petition. *See* ECF No. 8. On November 4, 2026, Banegas Diaz filed a notice of non-opposition to the amended petition. *See* ECF No. 9. Counsel notes that the time to file an opposition to the amended petition has passed and to date the federal respondents have failed to file any responsive motion or pleading, nor have they sought more time to do so. *Id.* Counsel again asks this court to grant Banegas Diaz's amended petition. *Id.*

Following the petitioner's notice of non-opposition, the federal respondents filed a motion for an extension of time to file their response, arguing that they inadvertently mis-calendared their response deadline and that the error was not noticed earlier due to staffing shortages and heavy filing loads. ECF No. 11. They also filed a proposed response with proposed exhibits, which do not include the audio recording of the petitioner's bond hearing that this court ordered them to provide. ECF Nos. 12–13.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). To determine when neglect is excusable, courts conduct an equitable analysis of at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009).

It has been two months since the court ordered the federal respondents to provide an audio recording of the bond hearing. During that time, the petitioner has remained detained. Now, the federal respondents seek to add more time to the petitioner's detention by filing a request for additional time to file a response that again fails to provide that audio recording. Although the court is sympathetic to the federal respondents' counsel's case load and staffing challenges, it was the federal government's decision to detain the petitioner, so the consequence should lie with the government and not the petitioner. Said differently, the prejudice to the petitioner weighs heavily against permitting the extension. The court therefore denies the federal respondents' request for an extension and their proposed response and exhibits are stricken.

On this record, the federal respondents failed to (1) comply with my order requiring disclosure of the audio recording of Banegas Diaz's bond hearing and (2) respond to his amended petition. There is thus a lack of evidence or argument suggesting I should not grant Banegas Diaz's request to draw an adverse inference and grant his amended petition. Accordingly, I grant Banegas Diaz's amended petition for writ of habeas corpus as unopposed.[1]

## II. Conclusion

IT IS HEREBY ORDERED that Jose Narciso Banegas Diaz's amended petition **[ECF No. 8] is granted as unopposed.**

IT IS FURTHER ORDERED that the federal respondents' motion to extend time **[ECF No. 11] is denied.**

IT IS FURTHER ORDERED that the federal respondents' proposed response and exhibits **[ECF Nos. 12–13] are stricken.**

IT IS FURTHER ORDERED that the respondents must release petitioner Jose Narciso Banegas Diaz from the custody of the Nevada Southern Detention Center by Wednesday, November 11, 2026, no later than 5:00 p.m. The respondents must transport Banegas Diaz to 501 Las Vegas Blvd. South, Las Vegas, Nevada that same day. The respondents must advise Banegas Diaz's counsel of the estimated time of release in advance of that release for coordination purposes.

IT IS FURTHER ORDERED that the federal respondents must not impose release conditions that substantially interfere with Banegas Diaz's liberty, such as location monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

---

[1] Even if I had granted the federal respondents' motion for an extension of time, their failure to *again* provide an audio recording of petitioner's bond hearing would lead me to draw an adverse inference that the hearing was constitutionally deficient.

IT IS FURTHER ORDERED that the federal respondents must file a notice of compliance with this order detailing the date, time, and location of his release no later than Friday, November 13, 2026, at 5:00 p.m. Once the respondents' status report confirming the petitioner's release is received, the case will be closed.

Dated: November 9, 2026

_______________________________
Cristina D. Silva
United States District Judge